# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZAX ENVIRONMENTAL, INC., | CIVIL ACTION NO. 06 - 01020 |
| Plaintiff, | |
| v. | JUDGE JOY FLOWERS CONTI |
| PLANT CONSTRUCTION COMPANY, LLC, and WILLIAM KANE | |
| Defendants. | |

MEMORANDUM OPINION

In this memorandum opinion, the court considers the motion to dismiss second amended complaint (Doc. No. 137) filed on December 17, 2007 by defendant Plant Construction Company, LLC ("defendant" or "Plant"). Plaintiff Zax Environmental, Inc. ("plaintiff" or "Zax") in its second amended complaint alleges eight Pennsylvania state tort and contract claims, and one federal claim ("Count IX" or "RICO claim") for violation of the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*. On February 15, 2008, the court heard oral argument on the motion to dismiss the second amended complaint. After considering the submissions of the parties, the oral argument and legal authority presented, and accepting all allegations by plaintiff as true and drawing all inferences in its favor, the court will grant defendant's motion to dismiss Count IX of the second amended complaint.[1] Because Count IX is the only federal claim, which is the sole basis for this court's jurisdiction, and the court declines

---

[1] Zax asserts the same allegations against both defendants Plant and William Kane ("Kane") acting in concert and conspiracy. Because Zax fails to allege a cognizable RICO claim in Count IX of the second amended complaint, plaintiff's second amended complaint will be dismissed against all defendants. Plaintiff also failed to submit proof of service of the second amended complaint on Kane.

to exercise supplemental jurisdiction, plaintiff's second amended complaint will be dismissed in its entirety.[2]

**Facts Assumed to be True for the Purposes of Deciding the Motion**

Plant was the general contractor for the Cork Factory Lofts and Parking Garage construction project in the Strip District of Pittsburgh, Pennsylvania. (Pl.'s Second Amended Complaint ("Compl.") ¶¶ 4, 8.) Plant hired Zax as a subcontractor to assist in the demolition portion of the project. (Compl. ¶¶ 11, 16, 17.) Zax and Plant began contractual negotiations in January 2005 and Zax was removed from the project approximately eight months later before completing its contractual obligations. (Compl. ¶¶ 10, 11; Pl.'s RICO Statement ("RICO Stmt.") at 26.)

Zax alleges that Plant needed to find a "sucker" to take on the demolition contract to avoid incurring losses itself and hired Zax for that purpose. (Compl. ¶¶ 32-34.) Zax alleges eight different Pennsylvania state law claims based on alternative theories of tort and contract. (Compl. ¶¶ 107-66.) Zax also alleges that Plant violated RICO by perpetuating a scheme designed to cause Zax to lose $1,000,000, while Plant profited by that same amount. (Compl. ¶ 174.) In the RICO claim, Zax alleges that Plant constituted an enterprise whose conspiratorial object was to harm financially Zax. (Compl. ¶¶ 177, 179.) Zax alleges that Plant pursued this objective by fraudulently inducing Zax to enter into the contract with deliberately falsified cost estimates and by withholding payments for work completed. (Compl. ¶¶ 138-47, 171.) Zax

---

[2] Because the court is declining to exercise supplemental jurisdiction, the court does not reach the merits of defendant's motion to dismiss plaintiff's state law claims, Counts I-VIII of the second amended complaint.

2

asserts that Plant's violations of 18 U.S.C. §1341 (mail fraud) and 18 U.S.C. §1343 (wire fraud) comprise the requisite "pattern of racketeering activity" under RICO. (Compl. ¶ 184.)

Zax makes several allegations to support its contention that defendants' activities comprise a "pattern" of racketeering activity. First, Zax alleges that the funds derived by William Kane, co-defendant and alleged partner of defendant, "allowed him to engage in other fraudulent real estate projects." (Compl. ¶ 5; RICO Stmt. at 41.) Second, Zax argues that Plant's deliberate concealment of soil contamination is the basis for a current Environmental Protection Agency ("EPA") investigation and possible future criminal charges. Zax contends that Plant's actions constitute continued fraud against the project investors, the project owners, plaintiff, and its creditors, to the extent that plaintiff and its creditors have yet to be paid for work completed. Third, Zax argues that Plant's racketeering acts would have extended over a "substantial" period of time had Zax not been wrongfully removed from the project. Fourth, Zax asserts that Plant's activities represent its "regular way of doing business."

### **Standard**

A motion to dismiss tests the legal sufficiency of the complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff will be likely to prevail on the merits. Rather, when considering a motion to dismiss, the court accepts as true all factual allegations in the complaint and views them in a light most favorable to the plaintiff. U.S. Express Lines Ltd. V. Higgins, 281 F.3d 383, 388 (3d Cir. 2002). While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, a complaint must provide more than labels and conclusions. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007). A "formulaic recitation of the elements of a

cause of action will not do." Id. (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level," and sufficient to state a claim for relief that is plausible on its face. Id. (citing 5 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1216 (3d ed. 2004)). Generally, a RICO claim is subject to the pleading standards of Federal Rules of Civil Procedure 8 which requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Warden v. McLelland, 288 F.3d 105, 114 n.6 (3d Cir. 2002) (quoting FED. R. CIV. P. 8(a)(2)). Where acts of mail and wire fraud comprise the alleged predicate acts, however, those acts are subject to the heightened pleading standards of Rule 9 which requires that "the circumstances constituting fraud or mistake shall be stated with particularity." Id. (quoting FED. R. CIV. P. 9(b)).

## Discussion

In Count IX Zax asserts that Plant violated 18 U.S.C. §§ 1962(a), (c) and (d). Section 1962 of RICO provides in pertinent part:

> **(a)** It shall be unlawful for any person who has received any income derived, directly or indirectly, **from a pattern of racketeering activity** or through collection of an unlawful debt in which such person has participated as a principal within the meaning of section 2, title 18, United States Code, to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce. . .
> ***
> **(c)** It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs **through a pattern of racketeering activity** or collection of unlawful debt.

> **(d)** It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section.

18 U.S.C. § 1962 (a)-(d) (emphasis added). In order to state a claim under any of these subsections, a plaintiff must allege, *inter alia*, a pattern of racketeering activity. Sedima S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479 (1985). Section 1961(5) of RICO defines a pattern of racketeering activity by providing that a "pattern of racketeering activity requires at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity." 18 U.S.C. § 1961 (5).

In Sedima, the Supreme Court elaborated on what "pattern of racketeering activity" means:

> The definition of a "pattern of racketeering activity" differs from the other provisions in § 1961 in that it states that a pattern "*requires* at least two acts of racketeering activity," § 1961(5) (emphasis added), not that it "means" two such acts. The implication is that while two acts are necessary, they may not be sufficient. Indeed, in common practice, two of anything do not generally form a "pattern".

Sedima, 473 U.S. at 497 n.14.

In order to prove a pattern of racketeering activity under RICO a plaintiff or prosecutor must show at least two racketeering predicates that are related, and that they amount to or pose a threat of continued criminal activity. H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229, 241-42 (1989). "Continuity" is both a closed-ended and open-ended concept, referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition. Id. A party alleging a RICO violation may demonstrate continuity over a closed period by proving a series of related predicates extending over a substantial period of time. Id. Predicate acts extending over a few weeks or months and

5

threatening no future criminal conduct do not satisfy this requirement: Congress was concerned in RICO with long-term criminal conduct. Id. This court will address whether there are sufficient factual allegations in the complaint to implicate either a closed or open-ended pattern of racketeering activity, so as to remove the case from those "garden variety" acts of fraud to which RICO is inapplicable.[3]

a.) Close-ended Continuity

The United States Court of Appeals for the Third Circuit addressed the question of close-ended continuity on several occasions after the Supreme Court's holding in H.J. Inc.. On each occasion the court of appeals found that conduct lasting no more than twelve months did not satisfy the closed-ended continuity test. Tabas v. Tabas, 47 F.3d 1280, 1293 (3d Cir. 1995) (citing Hughes v. Consol-Pennsylvania Coal Co., 945 F.2d 594, 610-11 (3d Cir. 1991); Hindes v. Castle, 937 F.2d 868, 875 (3d Cir. 1991); Kehr Packages v. Fidelcor, Inc., 926 F.2d 1406, 1413 (3d Cir. 1991); Banks v. Wolk, 918 F.2d 418, 422-23 (3d Cir. 1990); Marshall-Silver Constr. Co. v. Mendel, 894 F.2d 593 (3d Cir. 1990)). A scheme extending over three and a half years, however, was a "substantial" period of time sufficient to satisfy the closed-ended continuity test. Tabas, 47 F.3d at 1294.

Zax alleges that Plant's racketeering activities extended over the eight-month period during which Zax negotiated with Plant and was employed as Plant's sub-contractor.

---

[3] "Virtually every garden-variety fraud is accomplished through a series of wire or mail fraud acts that are 'related' by purpose and are spread over a period of at least several months. Where such a fraudulent scheme inflicts or threatens only a single injury, we continue to doubt that Congress intended to make the availability of treble damages and augmented criminal sanctions dependant solely on whether the fraudulent scheme is well enough conceived to enjoy prompt success or requires pursuit for an extended period of time."

Marshall-Silver Constr. Co. v. Mendel, 894 F.2d 593 (3d Cir. 1990).

Recognizing that the Court of Appeals for the Third Circuit has consistently held activity of similar duration insufficient to satisfy the close-ended continuity test, Zax alleges that Plant's racketeering activities would have extended over a "substantial" period of time had Zax not been wrongfully removed from the project. The Supreme Court indicated that one may establish close-ended continuity by "proving a series of related predicates extending over a substantial period of time." H.J. Inc., 492 U.S. at 242. The Court, however, gave no indication that the mere fact that racketeering activities could have extended for a "substantial" period of time would be sufficient to satisfy the closed-ended continuity test. This court declines to extend the Supreme Court's analysis to speculative allegations. This court concludes that it cannot find predicates based upon the contention that activities might have continued. Under these circumstances, there is no plausible RICO claim under the close-ended continuity test.

b.) Open-ended Continuity

The Supreme Court held that a plaintiff or prosecutor may demonstrate a "pattern" of racketeering activity under the "open-ended" continuity test where the predicate acts prove a threat of continued racketeering activity. Open-ended continuity may be satisfied "where it is shown that the predicates are a regular way of conducting Plant's ongoing legitimate business ... or of conducting or participating in an ongoing and legitimate RICO 'enterprise.'" H.J. Inc., 492 U.S. at 242.

Zax argues that Plant's activities satisfy the open-ended continuity test. Zax contends that Plant poses the threat of continued criminal activity because the acts complained about by Zax constitute Plant's "regular way of doing business." To support this contention, Zax alleges that the funds derived by Kane, co-defendant and alleged partner of Plant, "allowed him to engage in other fraudulent real estate projects." This allegation, however, is unsupported by any further

allegations in the complaint and does not "provide more than labels and conclusions." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007).

Zax alleges that Plant's actions constitute continued fraud against the project investors, the project owners, plaintiff, and its creditors, to the extent that plaintiff and its creditors have yet to be paid for work completed. The inference is that defendants' alleged racketeering activities and their effects have continued to the present and pose a threat of continued criminal activity. Plaintiff's tort and contract claims, however, relate to past fraudulent activities. The Court of Appeals for the Third Circuit has noted that "absent continuous long-term fraudulent activity, it is of little importance that a particular injury was inflicted over a substantial period of time." Kehr, 926 F.2d at 1419. Zax next cites possible future criminal charges against defendant stemming from the EPA's investigation concerning soil contamination on the project site. These potential future criminal charges are related to past activities that pose no future threat of continued criminal activity. The court cannot conclude that there is a plausible claim under the open-ended continuity test. Zax did not make allegations sufficient to implicate a threat of continued criminal activity by Plant.

c.) Conclusion

The alleged racketeering activities in this case pertain to one business entity over an eight-month period. These activities are akin to an "attempt to defraud a single investor…over a relatively short period of time." Banks v. Wolk, 918 F.2d 418, 422 (3d Cir. 1990) (finding that an alleged scheme to force a single real estate investor into bankruptcy over an eight-month period posed no threat of continued criminal activity). Because the complaint fails to set forth facts or allegations from which facts may be inferred that Plant engaged in racketeering activity for a "substantial" duration of time or that Plant poses any threat of continued criminal activity, the complaint does not contain a plausible RICO claim. There are insufficient allegations to find

a requisite "pattern of racketeering activity." Count IX must be dismissed and defendant's motion to dismiss second amended complaint will be granted.

## Supplemental Jurisdiction of State Law Claims

In the second amended complaint, plaintiff asserts the court's supplemental jurisdiction over the state tort and contract claims pursuant to 28 U.S.C. § 1367. Although this court has the power to hear a pendent state claim following dismissal of a federal claim, the court also has the discretion to refuse to hear the state claim. Pendent jurisdiction is "a doctrine of discretion, not of plaintiff's right." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966). The supplemental jurisdiction statute specifically provides that:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if:
> \*\*\*
> (3) the district court has dismissed all claims over which it has original jurisdiction.

28 U.S.C. § 1367. Because the court dismissed all of the federal claims over which it has jurisdiction in this case, the court declines to exercise supplemental jurisdiction over plaintiff's state claims. The state claims are dismissed without prejudice.

## Other Pending Motions

There are two additional pending motions before the court in this case. Plaintiff's original counsel filed a motion to withdraw as counsel and to impose a lien on plaintiff for owed counsel fees. (Doc. No. 152). Plaintiff's original counsel also filed a motion to strike plaintiff's response to his motion to withdraw and impose a lien. (Doc. No. 155).[4] In light of dismissal of

---

[4] In this motion, plaintiff's original counsel asserts that plaintiff's response should be stricken and the proceedings stayed pursuant to 11 U.S.C. § 362(a)(1) because plaintiff filed for bankruptcy. This court notes, however, that the automatic stay imposed by 11 U.S.C. § 362(a)(1) does not apply to the RICO claims or the other claims asserted by plaintiff. Section 362(a)(1) imposes an automatic stay in civil actions "against the debtor." 11 U.S.C. § 362(a)(1). The statute does not stay actions that were brought *by the debtor*. Maritime Elec. Co., Inc. v. United Jersey Bank, 959 F.2d 1194, 1204 (3d Cir. 1991). In this case the debtor, Zax, is the plaintiff and

plaintiff's second amended complaint, these motions are moot and will not be considered by this court.

## CONCLUSION

For the reasons set forth above, defendant's motion to dismiss will be granted and plaintiff's motion to withdraw as counsel and motion to strike plaintiff's response will be denied as moot.

Dated:   June 18, 2008                                     /s/ Joy Flowers Conti
                                                           Joy Flowers Conti
                                                           United States District Judge


cc:         Counsel of Record

---

brought this action in an attempt to enforce its rights.  Therefore, proceedings related to plaintiff's claims are not subject to the automatic stay of section 362 (a)(1).